The opinion of the court was delivered by
Spenoer, J.
Plaintiffs being judgment creditors of Joseph Hotard *195 caused a fi. fa. to issue, and made Samuel Mathews, testamentary executor of Alexander Hotard, deceased, garnishee.
McWilliams, another judgment creditor of Jospeh Hotard, intervened, denying plaintiffs’ right to seize by garnishment of the executor the rights of Joseph Hotard in the succession of his deceased father, Alexander Hotard. He further claims to be the first judicial mortgage creditor of Joseph Hotard, and claims to be paid by preference out of his hereditary interest in the said succession, the same being subject to his judicial mortgage. This intervention and opposition has not been put at issue or tried.
Mathews, the executor, answers the interrogatories propounded to him in substance as follows:
That he is the testamentary executor of Alexander Hotard, with seizin by the will of his entire estate, which is now being administered by him. That there are by said will special legacies to a certain stated amount, and an unknown amount of debts, and also expenses of administration yet to be ascertained. That he holds in his said capacity, as shown by the inventory, real estate valued at $18,800, personal property at $4296 70, and cash $5516. That Joseph Hotard is an heir to one tenth of said estate ; that it is as yet unknown what is due him, and it can not be known until said estate is administered and settled.
Thereupon plaintiffs suggesting to the court that it appears by the answers of the garnishee that he had property and effects belonging to the judgment debtor, Joseph Hotard, moved the court that said executor “be ordered to turn over into the hands of the sheriff all the property, rights, credits, and money now under his control, when same shall become due, and that same be applied to satisfy as far as it may the writ of ft. fa. in the hands of said sheriff against Joseph Hotard.”
After hearing, the court refused said order and plaintiffs appeal.
Appellee has moved to dismiss this appeal on the grounds that if the order appealed from is a final judgment it is not signed, and if interlocutory it does not work irreparable injury.
We think the order interlocutory, and the injury, if injury there can be, not irreparable. The substance of the motion is, to take the property out of the hands of one officer, the executor, and put it into the hands of another officer, the sheriff. It is manifest that until said succession is administered, and its debts and legacies paid, the executor can not be compelled to surrender the property, or any part thereof.
It is equally manifest that until said succession has been partitioned among the heirs or their assigns no specific sum or thing can be turned over to Joseph Hotard ; much less an undivided tenth of an aggregation of things. What authority or mission have the executor of the deceased and the creditors of one heir to ascertain, fix, and determine *196 the amount or things to be turned over to that heir in a proceeding to which the other heirs are not parties ?
If, therefore, the plaintiffs have by their garnishment made a valid seizure (upon which we express no opinion), they can suffer no injury by the property being left in the hands of the executor, to be by him administered under supervision of the court, to the end that the debtor's interest therein, the thing supposed to have been seized, may be ascertained, fixed, and determined. If the seizure is valid, it is not, nor is the privilege resulting therefrom, impaired by leaving the property where it ought to be, in the hands of the executor. No irreparable injury can result therefrom.
It is therefore ordered that this appeal be dismissed at costs of appellant.
Mr. Justice White recused.